FILED IN OPEN COURT
ON 9/22/2026 BG
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CR-197-FL-BM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[redacted]<br>TIVORIS MONTREL CUTLER, and<br>SHYKEITHIA QUASHEY SHARPE | ) | INDICTMENT |

The Grand Jury charges that:

COUNT ONE

On or about May 2, 2026, in the Eastern District of North Carolina, the defendant, [redacted] knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

ALLEGATION OF PRIOR CONVICTION

Before [redacted] committed the offense charged in Count One, he had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. §§ 846 and 841(a)(1) for which he served a term of imprisonment of

more than 12 months and for which he was released from any term of imprisonment within 15 years of the commencement of the instant offense.

COUNT TWO

On or about May 2, 2026, in the Eastern District of North Carolina, the defendant, [redacted] did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT THREE

On or about May 2, 2026, in the Eastern District of North Carolina, the defendant, [redacted] knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

COUNT FOUR

On or about August 8, 2026, in the Eastern District of North Carolina, the defendant, [redacted] knowingly and intentionally distributed 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

ALLEGATION OF PRIOR CONVICTION

Before [redacted] committed the offense charged in Count Four, he had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. §§ 846 and 841(a)(1) for which he served a term of imprisonment of more than 12 months and for which he was released from any term of imprisonment within 15 years of the commencement of the instant offense.

COUNT FIVE

On or about May 2, 2026, in the Eastern District of North Carolina, the defendant, [redacted] knowingly and intentionally possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SIX

On or about May 2, 2026, in the Eastern District of North Carolina, the defendant, TIVORIS MONTREL CUTLER, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

ALLEGATION OF PRIOR CONVICTION

Before TIVORIS MONTREL CUTLER committed the offense charged in Count Six, he had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. §§ 846 and 841(a)(1) for which he served a term of imprisonment of more than

12 months and for which he was released from any term of imprisonment within 15 years of the commencement of the instant offense.

COUNT SEVEN

On or about August 8, 2026, in the Eastern District of North Carolina, the defendant, SHYKEITHIA QUASHEY SHARPE, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Remainder of page intentionally left blank.)

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property:

a. Springfield Armory XDs caliber .45 ACP firearm seized from [redacted] on May 2, 2026 and any and all associated ammunition.

b. Taurus G2C 9mm handgun serial number ACD828663 seized from [redacted] home in Mecklenburg County, NC on August 8, 2026 and any and all associated ammunition.

c. $17,640 in U.S. currency seized from [redacted] BMW sedan during the May 2, 2026 traffic stop.

d. One 2023 Hyundai Santa Fe SEL, VIN: 5NMS24AJ7PH628150.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 9/22/26

W. ELLIS BOYLE
United States Attorney

FOR

BY: MOLLY RUBIN
Assistant United States Attorney